IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RICHARD VERNON MOORE                                                                PLAINTIFF

v.                                         3:25-cv-00008-LPR-JJV

LELAND DUDEK,
Acting Commissioner,
Social Security Administration,                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Richard Vernon Moore, has appealed, *pro se*, the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 17-41.)

The parties initially filed briefs. (Docs. No. 7, 9.) Plaintiff's brief seeks remand and the "immediate payment of [ ] disability benefits." (Doc. 7 at 5.) Plaintiff's brief also includes a March 21, 2025, letter from neurologist Lon Burba, M.D., whereby Dr. Burba urges to "give

careful consideration to [Richard Moore's] application for total and complete disability as he is unable to perform any gainful employment." (*Id.* at 6.)

The Commissioner's brief seeks dismissal of Plaintiff's Complaint and objects to remand. Because Dr. Burba's letter was dated almost a year after the ALJ's decision – without more - the Commissioner objects to remand on this basis. (Doc. 9 at 9.)   The Commissioner also noted Plaintiff had failed to offer any cause as to why this information was never made a part of the administrative record.

As a part of the Court's proceedings, Plaintiff accepted the Court's offer of oral argument. (Doc. No. 6 at 2.) So, on May 6, 2025, the parties appeared at the E.C. Gathings Federal Building and United States Courthouse in Jonesboro, Arkansas. Plaintiff appeared in person and the Commissioner, through counsel, appeared remotely.

Argument mainly centered around Dr. Burba's letter that was not a part of the administrative record. In his letter, Dr. Burba states:

> [Plaintiff] sustained an injury to his spinal cord when he fell 40 feet on his head while working on the job. He was in a coma at Baptist Medical Center in the ICU for a number of days and he has developed a very rare syndrome called dysreflexia. He is unable to do even light sedentary desk activity because any mental stress such as might be required just to concentrate hard can trigger these attacks of dysreflexia and cause malignant hypertension, malignant tachyarrhythmias and paralysis from the waist down. This syndrome is well-described in the literature and is life-threatening.

(*Id.* at 6.)

Importantly, during argument, Plaintiff explained he had in fact received treatment from Dr. Burba prior to the agency's unfavorable decision but that his attorney had never obtained any of these treatment records. Accordingly, I left the record open and gave Plaintiff thirty days to obtain any additional evidence. Shortly thereafter, Plaintiff provided additional evidence, including treatment notes from Dr. Burba dated November 29, 2022. (Doc. No. 12 at 2-5.) Given

the presentation of this new evidence, the Commissioner avers that, if the Court views the newly filed documents as material to Plaintiff's claims and there was good cause for Plaintiff not offering this evidence prior to the ALJ's decision, then a "sentence six" remand would be the only appropriate basis for remand.

After careful deliberation upon this matter, I find the newly filed documents (Doc. No. 12) are material to Plaintiff's claims and his lawyers omission provides good cause for Plaintiff not offering them before the ALJ rendered his decision.  I further find that a "sentence six" remand is proper.  "Sentence six" in relevant part states:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g) (1995).

I find this case to be a close call.  The ALJ provided a very well-reasoned and thoughtful decision.  (Tr. 17-41.)  And there are many reasons to deny benefits here.  But under the circumstances, there is good cause shown and remand is proper to consider this omitted evidence.  The treatment records from Dr. Burba may explain many of the issues Plaintiff has had with being able to engage in substantial gainful activity.  Thus, it is most proper for the Commissioner to consider this evidence - possibly with the assistance of a medical expert.

IT IS, THEREFORE, RECOMMENDED that this case be remanded to the Commissioner pursuant to "sentence six" remand and the Clerk administratively close this file.

DATED this 3rd day of June 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE