**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

RICHARD VERNON MOORE                                                    PLAINTIFF

v.                                      3:25-cv-00008-LPR-JJV

FRANK J. BISIGNANO,
Commissioner,
Social Security Administration,                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Richard Vernon Moore, *pro se* Plaintiff, appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 16-41.)

I previously recommended this matter be revisited by the Commissioner pursuant to Sentence Six of 42 U.S.C. § 405(g). (Doc. No. 13.) The presiding district judge disagreed with that assessment and referred the case back to me for consideration of whether substantial evidence

supports the Commissioner's decision. (Doc. No. 15.) Without the additional evidence from Lon Burba, M.D., - evidence now deemed to be not material – the Commissioner's decision is supported by substantial evidence. As I previously stated, "The ALJ provided a very well-reasoned and thoughtful decision. (Tr. 17-41.) And there are many reasons to deny benefits here." (Doc. No. 13 at 3.) Those reasons are now recited *infra*.

This review function is extremely limited. The court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was forty-three years old at the time of the administrative hearing. (Tr. 58.) Mr. Moore testified he is a high school graduate and received training to become a paramedic, fireman, and electrician. (Tr. 59.) He has past relevant work as a heavy equipment operator. (Tr. 39.)

2

The ALJ[1] first found that Mr. Moore has not engaged in substantial gainful activity since his alleged onset date of August 3, 2021.  (Tr. 19.)  He has "severe" impairments in the form of "disorders of the cervical spine; disorders of the lumbosacral spine; chronic T9 compression fracture; disorders of the shoulder; thyroid disorder; alcohol use disorder; generalized anxiety disorder; intermittent explosive disorder; obsessive compulsive disorder; and affective mood disorder." (*Id.*)  Next, the ALJ found Mr. Moore did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 20-23.)

The ALJ determined Mr. Moore had the residual functional capacity (RFC) to perform a reduced range of sedentary work.  (Tr. 23.)  Specifically, the ALJ found:

> Specifically, the claimant can lift and/or carry 10 pounds frequently and 20 pounds occasionally. He can sit at least six hours in an eight-hour workday, and stand and/or walk about a combined two hours in an eight-hour workday. However, the claimant should never be required to climb ladders, ropes or scaffolds, or crawl. Nonetheless, he can occasionally stoop and crouch. Further, the claimant should never be required to work in proximity to hazards or in environments with heavy industrial vibrations. Mentally, the claimant can understand, remember and carry out simple repetitive one to three step tasks. To minimize stress, the claimant should never be required to work at an assembly line pace. Due to his social limitations, the claimant should be limited to no more than only occasional interaction with the general public, coworkers and supervisors. Due to the claimant's limitations in adapting to change and managing stress, he should never be subjected to more than only occasional changes in the work setting and never be required to make plans or set goals independently of others.

(*Id.*)

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

Given his RFC finding, the ALJ determined Plaintiff could no longer perform his past relevant work as a heavy equipment operator.  (Tr. 39.)  Accordingly, the ALJ utilized the services of a vocational expert to help determine if jobs existed that Plaintiff could perform despite his impairments.  (Tr. 83-87.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of print board assembler, optical goods worker, and order clerk.  (Tr. 40.)  Accordingly, the ALJ determined Mr. Moore was not disabled.  (Tr. 41.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-6.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 1.)

In support of his Complaint, Plaintiff argues, *inter alia*, that the ALJ failed to develop the record.[3]  (Doc. No. 7 at 3.)  He says:

> If there was doubt about [Plaintiff's] neuropathy after a significant spinal cord injury, Social Security had every opportunity to send [him] for additional testing given enough advance notice. However, none of the doctors ever doubted neuropathy after [Plaintiff's] traumatic spinal cord injury.

(*Id*.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed.  He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither.

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted).  The ALJ is permitted to issue a decision without obtaining additional

---

[3] Plaintiff's *pro se* brief makes many arguments not relevant to the ALJ's decision.  (Doc. No. 7.)

evidence if the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258

F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

In this case, the more than 1,000-page record contains ample medical records to support

the ALJ's decision. As the Commissioner responds:

> Specifically, the ALJ noted Plaintiff's history of back and neck problems stemming from a 2014 injury, but that providers routinely observed largely normal examination findings including normal gait, normal muscle tone, and full strength throughout despite pain with range of motion in his spine (Tr. 25-29; see, e.g., Tr. 454-55, 458-59, 568-69, 581-82, 821). The ALJ noted that Plaintiff saw neurosurgical specialists for his neck and back pain, and doctors gave him epidural steroid injections and nerve root block injections (Tr. 26-27; see, e.g., Tr. 566, 646, 648). The ALJ acknowledged that Plaintiff had neck surgery in January 2022, and reported 90 percent improvement in his neck pain and 100% improvement in his arm pain following the surgery (Tr. 26; see Tr. 574-75, 650-51). The ALJ recognized he also had bilateral hip surgeries in June 2022 and September 2022, after which he reported he was "very happy" with the results (Tr. 23, 28; see Tr. 762). Additionally, the ALJ noted that Plaintiff had right shoulder surgeries in November 2022 and July 2023, and after the surgeries doctors noted full range of motion in his right shoulder and a normal cervical spine (Tr. 28; see Tr. 788, 798-800, 863-65, 1069, 1072).

(Doc. No. 9 at 5-6.)

Additionally, I agree with the Commissioner's response that the "ALJ considered the entire

record, including Plaintiff's subjective complaints of disabling limitations, and reasonably found

that Plaintiff was limited to a range of simple sedentary work but not disabled by his impairments."

(*Id.* at 5.)  The record fully supports the ALJ's conclusion that Plaintiff can perform the reduced

range of sedentary work as described in his RFC assessment.

A close review of the ALJ's decision reveals he very carefully considered all the evidence

when determining Plaintiff's RFC.  For example, he considered the opinions of state agency

doctors Bradley Stephan, M.D. and Ben Johnson, M.D., and found them to be unpersuasive

"because even though each provided a narrative discussion of the medical evidence, they did not

fully consider the objective findings and the claimant's subjective allegations, including medical

records and the claimant's testimony at the hearing level." (Tr. 32.)  And while Drs. Stephan and Johnson concluded Plaintiff could perform light work, the ALJ reduced his RFC assessment to sedentary.  (Tr. 23.)

The medical evidence also supports the ALJ's decision.  Plaintiff underwent surgery for back pain and that surgery appears to have been successful.  (Tr. 568-570, 577.)  Mr. Moore did experience "new-onset low back pain" post-surgery.  (Tr. 577-578.)  His doctor thoroughly reviewed his symptoms and concluded joint injections would be the best course of treatment.  (Tr. 584.)  He underwent several injections, and Mr. Moore later reported he saw "great improvement" in lower back pain and that he was "very happy with the results of surgery." (Tr. 762.)   During this visit, he reported having persistent back pain, (Tr. 763), but, as the ALJ notes, the record does not show that any follow-up treatment was received.  (Tr. 29.)  The record also reveals Plaintiff twice injured his shoulder requiring surgery.  However, the surgical repairs appear to have been successful.  (728, 787-788, 863-865, 1004-1005.)

Plaintiff's "Rehab Potential" at physical therapy was determined to be "good" and he met some of his goals he was seeking through therapy.  (Tr. 374-438.)  I recognize that there is some information in the record stating Mr. Moore had to quit physical therapy because it worsened his pain, but the numerous objective examinations by his treating professionals performed throughout the relevant period were mainly normal.  (Tr. 450-451, 455, 459, 463, 466, 470, 508-509, 512-513, 516-517, 521, 524, 528, 625, 689, 692, 697, 701, 1082-1083, 1087, 1106, 1111, 1125, 1133.)

Mr. Moore underwent a consultative general physical examination by Kenneth Holder, M.D. (Tr. 673-677.)  The ALJ recited, "Dr. Holder opined that the claimant had moderate to severe limitations looking up and down, lifting, carrying, bending, squatting and climbing; moderate limitations to social interaction, nervousness and profuse sweating; and minimal physical

6

limitations to daytime fatigue." (Tr. 35.)  The ALJ found Dr. Holder's opinion to be "generally unpersuasive" but determined his "findings of reduced range of motion in the cervical spine and lumbar spine and shoulders were consistent with examinations from the claimant's treating providers." (*Id.*)  Ultimately, the ALJ concluded "These findings would support only a limited functional capacity to perform sedentary work." (*Id.*)  I agree with the ALJ's assessment here.

Plaintiff also underwent a comprehensive consultative psychiatric evaluation (Tr. 660-668.)  Plaintiff's diagnoses were "Alcohol Use Disorder, Severe. . . Generalized Anxiety Disorder, with panic attacks. . . Intermittent Explosive Disorder. . . Obsessive-Compulsive Disorder . . . and Major Depressive Disorder." (Tr. 666-667.)  Despite the serious diagnoses, the report revealed nothing disabling.  (Tr. 665-666.)

The ALJ properly focused on Plaintiff's ability to function rather than his diagnoses.  The ALJ stated, "he acknowledged he could feed his chicken and ducks, drive his pickup truck into town to attend doctors' appointments, cook, wash dishes, do laundry, take out the garbage, and wipe down counters." (Tr. 24, 67, 68, 71-73.)  Although it is not necessary for a claimant to be completely bedridden or unable to perform any household chores to be considered disabled, Plaintiff's activities and statements do not support an allegation of total disability. *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1995) (daily caring for one child, driving when unable to find a ride, and sometimes going grocery shopping).

I realize Plaintiff has pain from having some serious accidents and has some serious medical conditions.  He clearly has some limitations in his ability to perform work activities.  However, I find the ALJ's thoughtful decision is supported by substantial evidence, and his RFC is supported by the record.

While I am sympathetic to Plaintiff's claims, it is not the task of a court to review the

evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of February 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE